IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| The PCB Treatment, Inc. Steering Committee, et al.,<br>　　　　　　　　　　Plaintiffs,<br>vs.<br>Genova Enterprises, Inc. and<br>Linda R. Long,<br>　　　　　　　　　　Defendants.<br>─────────────────────────<br>The PCB Treatment, Inc. Steering Committee, et al.,<br>　　　　　　　　　　Movants,<br>vs.<br>Genova Enterprises, Inc.,<br>Linda R. Long, Levitt Enterprises, Inc.,<br>and Thomas W. Levitt,<br>　　　　　　　　　　Contempt Respondents. | Case No. 99-0528-CV-W-FJG |

## ORDER

Pending is plaintiffs' motion for order to show cause on contempt (Doc. No. 43). Plaintiffs state that defendants Genova Enterprises, Inc. and Linda R. Long and non-parties Thomas W. Levitt and Levitt Enterprises, Inc., have violated the Court's May 19, 2003 Order of Dismissal Without Prejudice With Continuing Jurisdiction (Doc. No. 42). Non-parties Levitt and Levitt Enterprises, Inc. request a hearing on the current motion, and plaintiffs originally requested that the defendants and non-parties be directed to appear before the Court to show cause why they should not be held in contempt. However, based on the briefing currently before the Court, the Court finds that it is able to rule on the motion for contempt without holding a hearing. Therefore, the requests for a hearing are **DENIED.**

I.   Legal Standard

The Court has broad discretion in issuing orders of civil contempt.  Chicago Truck Drivers v. Brotherhood Labor Leasing, 207 F.3d 500, 504 (8th Cir. 2002).  In order to prevail in a civil contempt proceeding, the movant first must make a prima facie case for civil contempt, proving by clear and convincing evidence that the alleged contemnors violated a court order.  See Chicago Truck Drivers v. Brotherhood Labor Leasing, 230 F.Supp. 2d 963, 969 (E.D. Mo. 2002).

After the moving party establishes its prima facie case for contempt, the burden shifts to the alleged contemnors to show an inability to comply.  Id.  Further, "a nonparty may be held in contempt where the nonparty aids or abets a named party in a concerted violation of a court order."  Independent Fed'n of Flight Attendants v. Cooper, 134 F.3d 917, 920 (8th Cir. 1998).

II.   Discussion

The Order of Dismissal provides that

> Defendants shall not attempt to market or transfer any interest in the real estate that is the subject matter of this case (commonly known as 2100 Wyandotte Street, Kansas City, Missouri), (the "Property") without the prior, written approval of Plaintiffs, which approval shall include all material terms of the sale (including timing and price of the sale), and which approval shall not be unreasonably withheld or delayed.

See Doc. No. 42.  The Order also provides that the "proceeds of the sale of the Property shall be assigned to the Steering Committee, for the purpose of environmental remediation

2

of the Property as required pursuant to the Administrative Order on Consent issued by the United States Environmental Protection Agency regarding the property."

On March 30, 2005, defendants executed and recorded against the Property a Right of First Refusal Agreement (the "Agreement") with Levitt Enterprises, Inc. Thomas Levitt signed the Agreement on behalf of Levitt Enterprises, Inc. Plaintiffs were never asked to approve the Agreement, and were not informed of the Agreement before it was executed and recorded.

Plaintiffs note that a right of first refusal is a property interest under Missouri law. Cole v. Peters, 3 S.W.2d 846, 850 (Mo. Ct. App. 1999); Nickels v. Cohn, 764 S.W.2d 124, 132 (Mo. Ct. App. 1989). Therefore, plaintiffs state that defendants have violated the Court's May 19, 2003 Order by transferring the right of first refusal in the Property to Levitt Enterprises, Inc. Plaintiffs further note that non-parties Levitt and Levitt Enterprises, Inc. were aware of the Court's May 19, 2003 Order prior to entering into this Agreement with defendants, and therefore also should be held in contempt.

Defendants and non-parties Levitt and Levitt Enterprises, Inc. oppose plaintiffs' motion. Notably, these entities do not deny entering into an agreement wherein Levitt Enterprises, Inc. paid defendants $30,000 for the right of first refusal in the Property. However, these parties argue that a right of first refusal is not clearly an "interest in property," and therefore their March 30, 2005 Agreement is not in violation of the Court's Order.

Non-parties Levitt and Levitt Enterprises, Inc. cite to Missouri cases that hold that options to purchase are not "interests in property": Sunray DX Oil Co. v. Lewis, 426 S.W.2d

3

44, 49 (Mo. 1968); Farmer v. Littlefield, 195 S.W.2d 657, 659 (Mo. 1946); Fisher v. Lavelock, 282 S.W.2d 557, 560 (Mo. 1955); Hirlinger v. Hirlinger, 267 S.W.2d 46, 49 (Mo. Ct. App. 1954). The non-parties suggest that an option to purchase is a greater restraint on property than a right of first refusal, and therefore a right of first refusal should similarly be considered not an "interest in property." Non-parties Levitt and Levitt Enterprises, Inc. also argue that they cannot purchase and receive an interest in the property unless and until plaintiffs approve the purchase of the Property, pursuant to the terms of the Court's May 19, 2003 Order. Non-parties Levitt and Levitt Inc. finally state that, in the event the Court determines its Order was violated, their conduct should not be construed as a willful violation of court orders because the relationship between a right of first refusal and the phrase "interest in property" is ambiguous at best.

Defendants' response attempts to distinguish the two cases cited by plaintiffs, indicating that by applying the factors in those cases to the case at hand, the right of first refusal granted to Levitt Inc. is not an "unreasonable restraint on alienation," and therefore does not constitute a violation of the Court's Order. Defendants also argue that they have tried to cooperate with the plaintiffs and the EPA, and that no formal settlement agreement had been entered into with plaintiffs other than what is reflected in the Court's May 19, 2003 Order. Defendants further argue that (1) the joint stipulation imposes no duty on plaintiffs and is therefore not a formal contract; (2) they have not intended to circumvent their agreement with plaintiffs to transfer proceeds from the sale of the property to plaintiffs; and (3) they entered into the right of first refusal Agreement in order to obtain money to settle

4

another pending lawsuit which could have imposed a "cloud" on the title of the property had defendants lost.

Plaintiffs reply that the defendants' and non-parties' responses "confirm their contumacious behavior." Plaintiffs state that the right of first refusal Agreement is clearly an interest in real estate because (1) the Agreement was recorded in the chain of title; (2) in the Agreement, at paragraph 12, defendants grant Levitt Enterprises, Inc. a right to enjoin a sale of the real estate to anyone else; (3) newer case law not cited by non-party respondents indicates that an option to purchase is a property interest under Missouri law, see Tucker v. Ratley, 568 S.W.2d 797, 800 (Mo. Ct. App. 1978); Rucci v. City of Eureka, 231 F. Supp. 2d 954, 957 (E.D. Mo. 2002); City of Peerless Park v. Dennis, 42 S.W.3d 814, 818-19 (Mo. App. E.D. 2001); (4) the older case law cited by Levitt and Levitt Enterprises Inc. for the proposition that an option to purchase is not a property interest either involves an irrelevant jurisdictional issue presented in a now-obsolete provision of the former Missouri Constitution or was incorrectly decided; and (5) defendants' argument that the Agreement is not a transfer of interest in property because it is not an unreasonable restraint on alienation makes no sense; a valid restraint on alienation can be an interest in property, see Cole, 3 S.W.3d at 850.

Plaintiffs also state that the responses demonstrate the willful nature of defendants' and non-party respondents' actions. Plaintiffs note: (1) defendants' argument that the EPA was cognizant of their actions and/or impliedly gave its consent to defendants' actions has no bearing because the EPA was not a party to this lawsuit; (2) defendants' argument that by granting the right of first refusal they were able to avoid a "cloud on the title" of the

5

property by using the proceeds to pay for a settlement in a different lawsuit is, in plaintiffs' opinion, "vague in the extreme about how this cloud would have arisen," and is otherwise irrelevant because the May 19, 2003, Order prohibited any marketing or transfer of any interest in the real estate without plaintiff's approval; (3) defendants' argument that the Order may not be enforceable because it did not impose a duty or obligation on plaintiffs is incorrect because defendants are bound to comply with Court orders and plaintiffs did agree to dismiss the case in exchange for the Order; (4) non-parties Levitt and Levitt Enterprises, Inc.'s argument that the Agreement actually helps plaintiffs by assuring that at least one party is interested in the real estate is undercut because plaintiffs already knew that Levitt Enterprises, Inc. was interested in the real estate, and the Agreement undercuts the ability of the Property to be subject to an open, arms-length bidding process. Plaintiffs describe the Agreement as a "cynical attempt to avoid the Order and extract value from the Property to the detriment of plaintiffs."

The Court finds that plaintiffs have demonstrated that defendants and non-parties Levitt and Levitt Enterprises, Inc. have violated the Courts' May 19, 2003 Order (Doc. No. 42). The Court agrees with plaintiffs that a "right of first refusal" is an interest in real estate under Missouri law. The defendants and non-party respondents admit that they entered into a right of first refusal agreement without first seeking the approval of plaintiffs. The Court also finds that both defendants and non-parties Levitt and Levitt Enterprises, Inc. were aware of the terms of the May 19, 2003 Order and willfully violated those terms. Neither defendants nor the non-party respondents demonstrated any inability to comply with the Court's Order. Therefore, defendants and non-parties Levitt and Levitt Enterprises, Inc. are

6

Case 4:99-cv-00528-FJG   Document 47   Filed 07/11/05   Page 6 of 8

in contempt of the Court's May 19, 2003 Order (Doc. No. 42). Plaintiffs' motion for contempt (Doc. No. 43) is **GRANTED**.

Within their motion for contempt, plaintiffs request the Court to (1) impose a civil fine of $10,000 a day until such time as defendants and non-parties Levitt and Levitt Enterprises, Inc. execute and record a release and termination of the Agreement; (2) award plaintiffs their attorneys' fees and costs in connection with this proceeding; and (3) provide such other and further relief as the Court deems proper to prevent circumvention of this Court's May 19, 2003 Order.

The Court finds it appropriate to grant plaintiffs their attorneys fees in presenting this motion; therefore, plaintiffs shall file a request for attorneys fees on or before **July 22, 2005.**

With respect to the other relief requested by plaintiffs, the Court finds that a coercive monetary fine of **$1,000 per day per contemnor**[1] until such time as defendants and non-parties Levitt and Levitt Enterprises, Inc. execute and record a release and termination of the Agreement is appropriate. The fine will be payable to Legal Aid of Western Missouri. Within five days after executing and recording the release and termination of the Agreement, defendants and non-parties Levitt and Levitt Enterprises, Inc. **SHALL** file with the Court a copy of the release and termination, indicating the date(s) it was recorded and executed. Thereafter, the Court will calculate the total amount of the fine, and will issue an Order directing payment.

---

[1] The contemnors are defendants Genova Enterprises, Inc. and Linda R. Long and non-parties Thomas W. Levitt and Levitt Enterprises, Inc.

7

**IT IS SO ORDERED.**

                                                    /s/Fernando J. Gaitan, Jr.
                                                    Fernando J. Gaitan, Jr.
                                                    United States District Judge

Dated:   July 11, 2005
Kansas City, Missouri