**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| The PCB Treatment, Inc. Steering Committee, et al., | ) ) | |
| Plaintiffs, | ) | |
| vs. | ) | Case No. 99-0528-CV-W-FJG |
| Genova Enterprises, Inc. and Linda R. Long, | ) ) ) | |
| Defendants. | ) | |
| _____ | ) ) | |
| The PCB Treatment, Inc. Steering Committee, et al., | ) ) | |
| Movants, | ) | |
| vs. | ) ) | |
| Genova Enterprises, Inc., Linda R. Long, Levitt Enterprises, Inc., and Thomas W. Levitt, | ) ) ) ) | |
| Contempt Respondents. | ) | |

## ORDER

Pending before the Court are (1) Levitt's Motion to Reconsider and to Modify This Court's July 11, 2005 Contempt Order with Suggestions (Doc. No. 51); and (2) Plaintiffs' Request for Attorneys Fees Incurred in Pursuing Motion for Order to Show Cause on Contempt (Doc. No. 52).

I.  Levitt's Motion to Reconsider and to Modify This Court's July 11, 2005 Contempt Order (Doc. No. 51)

On July 11, 2005, this Court found defendants and non-parties Levitt and Levitt Enterprises, Inc. to be in contempt for violating the Court's May 19, 2003 Order (Doc. No. 42). See Doc. No. 47. In the July 11, 2005 Order, the Court found that a "right of first

refusal" is an interest in real estate under Missouri law, and as defendants and non-party respondents admitted that they entered into a right of first refusal agreement without first seeking the approval of plaintiffs (as required by the Court's May 19, 2003 Order), the parties had violated the terms of that Order. The Court also found that both defendants and non-parties Levitt and Levitt Enterprises, Inc. were aware of the terms of the May 19, 2003 Order and willfully violated those terms.

Non-parties Levitt and Levitt Enterprises, Inc. request the Court to reconsider its July 11, 2005 contempt order. In particular, non-parties Levitt and Levitt Enterprises, Inc. argue (1) they did not actually know that the Court had issued the May 19, 2003 Order that imposed restrictions on the right of first refusal, noting that the May 19, 2003 Order was not recorded in the chain of title as required by the terms of the Order, and Levitt's counsel either had not seen or did not recall the language in the Court's May 19, 2003 Order and did not advise his clients regarding that language; (2) they conducted due diligence before entering into the right of first refusal, by researching for restrictions in the chain of title and contacting counsel for the United States Environmental Protection Agency ("USEPA"); (3) the terms of the May 19, 2003 Order are ambiguous; and (4) they were not properly served with a copy of the Court's July 11, 2005 Order, and as they complied with its terms prior to the Order being served upon them, they request relief from the coercive sanctions imposed by the July 11, 2005 Order.

Plaintiffs respond that non-parties Levitt and Levitt Enterprises, Inc. should have raised their arguments regarding lack of knowledge of the May 19, 2003 Order and due diligence in their original response to plaintiffs' motion for contempt. As these are arguments that would have existed prior to the filing of non-parties Levitt and Levitt

2

Case 4:99-cv-00528-FJG   Document 59   Filed 03/16/06   Page 2 of 8

Enterprises, Inc.'s original response, plaintiffs argue that these arguments should not be allowed under Fed. R. Civ. P. 60(b). Furthermore, plaintiffs state that the Court has already ruled on whether the Court's May 19, 2003 Order is ambiguous; non-parties Levitt and Levitt Enterprises, Inc. re-argue the same points raised in the response to plaintiff's motion for contempt. Plaintiffs also provide exhibits supporting their assertion that the non-parties had actual knowledge of the May 19, 2003 Order. Plaintiffs further state that the failure to record the May 19, 2003 Order in the chain of title was an error made by their local counsel, and they have now taken steps to rectify the situation.[1]

The Court agrees with plaintiffs that the arguments raised in non-parties' motion for reconsideration with respect to lack of knowledge and attempts at due diligence are barred by Fed. R. Civ. P. 60(b). Furthermore, the purported ambiguity of the Court's May 19, 2003 Order was considered in the Court's Order granting plaintiffs' motion for contempt (Doc. No. 47). However, the Court finds non-parties' argument regarding lack of service of the Order on contempt to be persuasive; non-parties Levitt and Levitt Enterprises, Inc. complied with the terms of the Order on contempt (Doc. No. 47) prior to it being effectively served upon them. Therefore, non-parties Levitt and Levitt Enterprises, Inc. will not be required to pay the coercive sanctions detailed in the Order on contempt.

Therefore, for the above stated reasons, non-parties Levitt and Levitt Enterprises, Inc.'s Motion to Reconsider and to Modify This Court's July 11, 2005 Contempt Order (Doc. No. 51) is **DENIED IN PART** as it relates to modifying the finding of contempt, and

---

[1] Plaintiffs also note that their Notice of Lis Pendens with respect to this case was recorded in the chain of title.

**GRANTED IN PART** as it relates to payment of coercive sanctions of $1,000 per day to Legal Aid of Western Missouri.

II. Plaintiffs' Request for Attorneys Fees Incurred in Pursuing Motion for Order to Show Cause on Contempt (Doc. No. 52)

In its Order granting plaintiffs' motion for contempt, the Court also granted plaintiffs their reasonable attorneys fees incurred in relation to the filing of the motion. Plaintiffs now request attorneys fees in the amount of $32,279.00 and costs in the amount of $2,756.24 for a total of $35,035.24. This amount represents approximately 130 hours of work, with rates at a minimum of $200 per hour.

Defendants and non-parties oppose plaintiffs' request for attorneys fees, stating that the number of hours charged and the rate charged are excessive. In particular, defendants note that plaintiffs' motion for contempt was a four-page document that cited four cases (two of which set out the standards for contempt). Defendants also note that the motion did not involve disputed facts; instead, the only issue was whether a right of first refusal constituted an interest in real estate. Defendants recommend that all attorneys be billed at the rate of $200 per hour, the same rate charged by plaintiffs' local counsel.[2]

The Court agrees with defendants that the hours and rates charged by plaintiffs' attorneys are excessive. The U.S. Supreme Court has recognized the most useful "starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart,

---

[2]Non-parties Levitt and Levitt Enterprises, Inc. also note that plaintiffs' attorneys spent approximately 30 hours researching the motion, 40 hours drafting the four-page motion, and 60 hours researching and drafting the six-page reply brief.

4

461 U.S. 424, 433, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983). This result is known as the lodestar figure and is presumed to reflect the reasonable fee. See <u>City of Burlington v. Dague</u>, 505 U.S. 562, 120 L. Ed. 2d 449, 112 S. Ct. 2638 (1992). The Court has considered the number of hours that were reasonably expended on the motion for contempt, and has also considered the reasonable hourly rate for attorneys in the Kansas City area. Accordingly, the Court will apply the lodestar method, and will reduce the hours and rates charged as follows:

| Attorney Name | Total Hours Billed | Reasonable Hours Billed | Original Billing Rate | Reasonable Billing Rate | Reasonable Attorney Fee |
|---|---|---|---|---|---|
| Russell B. Selman | 13.1[3] | 6.5 | $300 | $250 | $1,625.00 |
| Timothy J. Patenode | 7.9[4] | 4.4 | $350 | $250 | $1,100.00 |

---

[3] Mr. Selman, co-chairperson of the Environmental Department of Katten Muchin Rosenman, billed 9.2 hours for researching, analyzing, and drafting the motion for contempt, 1.9 hours analyzing responses to the motion for contempt, and 2.0 hours strategizing and editing the reply brief in support of the motion for contempt. The Court will reduce these amounts to 4.6 hours, .9 hours, and 1.0 hours, respectively.

[4] Mr. Patenode, a litigator with over twenty years experience in real estate litigation, billed 1.9 hours for overseeing researching and analyzing claim for civil contempt, 2.6 hours for drafting portions of the motion for contempt, 1.3 hours analyzing responses to the motion for contempt, and 2.1 hours for strategizing, drafting, and editing the reply brief. The Court will reduce these amounts to 1.0 hours, 1.3 hours, 1.0 hours, and 1.1 hours, respectively.

5

| Bradley S. Rochlen | 45.9[5] | 15.5 | $240 | $150 | $2,325.00 |
|---|---|---|---|---|---|
| Laura M. Dreznes | 53.2[6] | 17.5 | $240 | $150 | $2,625.00 |
| John D. Seaton | 9.0[7] | 6.6 | $200 | $200 | $1,320.00 |
| **Total:** | 129.1 | 50.5 | | | **$8,995.00** |

Therefore, the total amount of attorneys fees awarded to plaintiffs will be **$8,995.00.**

Additionally, plaintiffs are seeking costs expended on computer assisted legal research. In the Eighth Circuit, such computer assisted legal research charges are to be included in an attorney's hourly rate. See Leftwich v. Harris-Stowe State College, 702 F.2d 686, 695 (8th Cir.1983) (holding that, "computer-aided research, like any other form of legal research, is a component of attorneys' fees and cannot be independently taxed as an item

---

[5] Mr. Rochlen, a litigator who has been admitted to practice in Illinois since 1998, billed 12.5 hours for researching and analyzing the claim for civil contempt, 12.3 hours for drafting and editing the motion for contempt, 1.9 hours analyzing responses to motion for contempt, and 19.2 hours strategizing, researching, drafting, and editing the reply brief in support of the motion for contempt. The Court will reduce these amounts to 4.1 hours, 4.0 hours, 1.0 hours, and 6.4 hours, respectively.

[6] Ms. Dreznes, an associate at Katten Muchin Rosenman who was admitted to practice in 2004, billed 9.7 hours for researching and analyzing claim for civil contempt, 14.6 hours drafting and editing the motion for contempt, 4.1 hours analyzing the responses to the motion for contempt, and 24.8 hours strategizing, researching, drafting, and editing the reply brief. The Court will reduce these amounts to 3.2 hours, 4.8 hours, 1.3 hours, and 8.2 hours, respectively.

[7] Mr. Seaton, a litigator with the local law firm of Lewis, Rice & Fingersh, billed 1.9 hours pursuing and reviewing the chain of title, 4.8 hour reviewing and editing the motion for contempt for compliance with local rules, .7 hours reviewing and analyzing responses to the motion for contempt, and 1.6 hours reviewing and editing the reply brief for compliance with local rules. The Court will reduce these amounts to 1.9 hours, 2.4 hours, .7 hours, and 1.6 hours, respectively.

6

of cost in addition to the attorneys' fee award."); Standley v. Chilhowee R-IV Sch. Dist., 5 F.3d 319, 325 (8th Cir.1993) (holding that based on Leftwich, "the law of this Circuit is that computer-based legal research must be factored into the attorneys' hourly rate, hence the cost of the computer time may not be added to the fee award."). Accordingly, plaintiffs' request for costs will be **DENIED**.

Therefore, for the foregoing reasons:

(1) Plaintiffs are awarded **$8,995.00** in attorneys fees, with the attorneys fees to be allocated as follows: (a) defendants shall pay $4,497.50 of the attorneys fees awarded; and (b) non-parties Levitt and Levitt Enterprises, Inc. shall pay $4,497.50 of the attorneys fees awarded;

(2) As defendants were served, via ECF, a copy of the Court's Order (Doc. No. 47) on July 11, 2005, and Levitt Enterprises, Inc. recorded its Release and Termination of any Right of First Refusal at 9:17 a.m. on July 13, 2005, the Court finds that defendants should be assessed a monetary fine, as detailed in Doc. No. 47, for the date of July 12, 2005. Therefore, it is **ORDERED** that (1) defendant Long shall pay $1,000 to Legal Aid of Western Missouri; and (2) defendant Genova Enterprises, Inc. shall pay $1,000 to Legal Aid of Western Missouri. Defendants are **ORDERED**, on or before **April 3, 2006,** to tender these amounts via cashier's check to Legal Aid of Western Missouri, Central Office, Traders on Grand Building, 1125 Grand Blvd., Kansas City, Missouri, 64106;

(3) Defendants **SHALL** file a notice with the Court on or before **April 10, 2006,** signifying completion of their payments to Legal Aid of Western Missouri; and

(4)     the Clerk of the Court shall mail a copy of this Order to Legal Aid of Western Missouri, Central Office, Traders on Grand Building, 1125 Grand Blvd., Kansas City, Missouri, 64106.

**IT IS SO ORDERED.**

/s/Fernando J. Gaitan, Jr.
Fernando J. Gaitan, Jr.
United States District Judge

Dated:    March 16, 2006
Kansas City, Missouri

8